IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

HARPER HARDWARE COMPANY,

           Plaintiff,

v.

POWERS FASTENERS, INC.
and
BLUE CRAB TOOL & SUPPLY, INC.,

           Defendants.

Civil Action Number 3:05CV799

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant Powers Fasteners, Inc. ("Powers") and Defendant Blue Crab Tool & Supply's ("Blue Crab") Motions to Dismiss Plaintiff Harper Hardware's ("Harper") Motion for Judgment. Plaintiff filed a Motion for Judgment in the Circuit County for the City of Richmond on October 21, 2005. Defendants filed a Joint Notice of Removal in this Court on November 18, 2005. Defendants filed separate Motions to Dismiss pursuant to Federal Rule of Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons to follow, Defendants' Motions to Dismiss are hereby GRANTED.

I.

The dispute arises out of an alleged breach of contract for the sale of tools. Plaintiff alleges that a salesman for Powers contacted Harper's President to make Harper a distributor. Plaintiff further alleges the salesman provided the President with a wholesale price list of the prices they would pay for Powers products. Mot. J ¶ 4. On or about October 8, 2003, Harper's President had a second meeting with a branch manager for Powers to finalize the details. At this meeting, the

branch manager gave Harper's President wholesale price lists for Powers products. Id. at 5.  The branch manager informed Harper's President that Harper had been approved to be a distributor and it had to place a $30,000 order to trigger the distributorship.  Id.  Subsequent to the October meeting, Harper began soliciting customers to purchase Powers's products from Harper.  Id. at 6.  On or about November 11, 2003, Harper sent an order to Powers for $37,000 worth of Powers's products.  Id. at 7.  Powers did not fill the order.  Harper alleges that Powers refused to fill the order based on pressure applied by Defendant Blue Crab. Id. at 8.  In a letter dated February 10, 2004,  Powers's Vice-President of Sales and Marketing indicated there had been "miscommunication" between the parties.  The letter attached a new price list with "significantly higher" prices than what the branch manager had provided to Harper's President.  Id. at 9.  Based on Powers's initial representations, Harper expected to be able to distribute Powers's products at the established schedule of prices provided earlier by Powers.  Harper has alleged breach of contract, tortious interference, and business conspiracy.

II.

The function of a motion to dismiss is to test the law governing claims, not the facts which support them. See Conley v. Gibson, 355 U.S. 41, 45–46 (1957).  When considering such a motion, the Court must presume that all factual allegations in the Motion for Judgment are true.  See Puerto Rico ex rel. Quiros v. Alfred L. Snapp & Sons, 632 F.2d 365, 367 (4th Cir. 1980).  All reasonable inference must be made in favor of the non-moving party.  See Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).  Where a Plaintiff relies on an agreement in their complaint, it is proper "for the district court to consider it in ruling on the motion to dismiss." Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 195 n.5 (4th Cir. 2002) (citing New Beckley Mining Corp. v. Int'l Union,

UMWA, 18 F.3d 1161, 1164 (11th Cir. 1994)); see Synergy Fin. LLC v. Zarro, 329 F. Supp. 2d 701, 704 (W.D.N.C. 2004) ("A district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." (citing Stewart v. Pension Trust of Bethlehem Steel Corp., 12 Fed. Appx. 174, 176 (4th Cir. 2001)).

### III.

Defendant Powers moves to dismiss Harper's Motion for Judgment, contending that it did not allege the exact type, basis, or terms of any alleged underlying contract. Harper contends its claims demonstrate the basis of an oral contract confirmed by letter dated February 10, 2004 sent to Plaintiff from Powers.

**A.   Breach of Contract Claim**

Plaintiff asserts it relied on Defendant Powers's representations to its President. Plaintiff contends Defendant Powers provided Plaintiff with specific terms and pricing schedules, and even approved Plaintiff as a distributor. Plaintiff alleges Powers refused to honor the terms of the agreement and accept Harper's order. Plaintiff demands judgment against Defendants in the sum of $500,000 monetary judgment plus punitive damages in the amount of $350,000.

Since the alleged contract involves the future sale of goods, it is governed by the Virginia Uniform Commercial Code, Virginia Code §§ 8.1A-101–8.1A-310; 8.2-107–8.2-725 (2005) ("UCC"). See Wells, Waters & Gases, Inc. v. Air Prod. & Chemicals, Inc., 19 F.3d 157, 159 (4th Cir. 1994) (applying the Virginia version of the UCC because a contract involved the sale of goods).

<u>Failure to show an offer</u>

In order to have a binding contract, parties must demonstrate an offer and an acceptance demonstrating the parties' mutual assent. See Restatement (Second) of Contracts § 17(1) (1981)

("the formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and consideration.").

In order for a proposal by one party to be deemed an offer, it must be capable of creating an enforceable arrangement. See Restatements (Second) of Contracts § 24 (1981) ("An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it."). Defendant Powers allegedly spoke with Plaintiff about becoming a distributor and provided Plaintiff with wholesale price lists. Plaintiff claims it accepted Defendant's offer by placing an order.

Generally, a seller's price quotation is an invitation for an offer, but is not an offer that can be accepted as Plaintiff alleges it has done by placing an order. Audio Visual Assocs., Inc. v. Sharp Elec. Corp., 210 F.3d 254, 259 (4th Cir. 2000) (price quotations "amount to an invitation to enter into negotiations, but generally they are not offers that can be accepted to form binding contracts"). Plaintiff does not allege any specific terms to which it assented to, except that it had to place a $30,000 order. Generally, an offer to buy goods for current shipment, such as Harper's $30,000 order, is construed as inviting acceptance either by a promise to ship or by prompt shipment of goods.

Plaintiff relies on Va. Code § 8.2-204(3) which provides: "even though one or more terms are left open a contract for sale does not fail for indefiniteness if the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy." While it is true that parties may make a contract which deliberately leaves material terms open for future determination, there can not be a contract where the words and conduct demonstrate a lack of intention to contract. See Flowers Baking Co. v. R-P Packaging, Inc., 229 Va. 370, 329 S.E.2d 462

(1985) for its contention that the parties' actions demonstrate an intention to be bound. In <u>Flowers</u>, the parties' contemplated actions were not complete and thus not enforceable by the Court. A manufacturer issued a written acknowledgment of an "order," which contained specifications, delivery instructions, order date, and quantity. However, the acknowledgment failed to describe the "artwork" to be provided to the bakery, and did not entrust the design of the product to either party. The court held that since no actual subject matter would exist sufficient to provide a remedy for breach, no contract was found to exist between the parties. In the present case, the parties' words and conduct were even more tentative and less consistent with an intention to form a contract, since there is no description of the goods, no quantity, no time frame, and no delivery instructions specified.

<u>Writing requirement under the Statute of Frauds</u>

The alleged contract does not satisfy the Statute of Frauds, because there is no sufficient writing. In order for a contract to be enforceable under the UCC, a Plaintiff must allege the existence of some "writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker." Va. Code § 8.2-201(1). This Section of the UCC also states that "the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing." <u>Id.</u> Since Plaintiff's claims are based upon an alleged oral contract, the Statute of Frauds can be satisfied "if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received." Va. Code § 8.2-201(2). The only documents mentioned by Plaintiff are the wholesale price list presented by Powers, and the letter correcting the price list sent by Defendant on February 10, 2004.

Defendant's February 10, 2004 letter does not satisfy the Statute of Frauds. The letter does not indicate that a contract for sale had been made. Instead, the letter points to a "miscomunication between" the parties. Although on letterhead, the letter is not signed by the party against whom enforcement is sought. Finally, the letter does not refer to any quantity of goods, thus making it unenforceable. See Audio Visual Assocs., Inc., 210 F.3d at 260 (stating Defendant's failure to sign any document agreeing on quantity and price of products did not satisfy the confirmatory memo requirement of the Statute of Frauds). Plaintiff's allegations fail to describe a contract enforceable under the Statute of Frauds.

Finally, the exceptions to the Statute of Frauds are inapplicable. A contract which does not satisfy the signed writing requirement of the Statute of Frauds may still be enforceable in certain circumstances. A writing signed by the party charged is not required when the goods are specially made. Va. Code § 8.2-201(3)(a). The parties do not contend that any goods would be or had been specially made for Plaintiff. No writing is required if the party to be charged admits that a contract for sale was made. Va. Code § 8.2-201(3)(b). Here, Defendant Powers has not admitted to the existence of a contract. Finally, a writing would not be necessary if Powers had already performed. Va. Code § 8.2-201(3)(c). There has been no performance on the part of Defendant or the Plaintiff. More importantly, for any of these provisions to excuse compliance with the Statute of Frauds, Harper would have to allege that a contract existed, and it sent an order to Defendant in confirmation of the contract within a reasonable time thereafter. In sending its order request to Powers, Plaintiff sought to form a contract, rather than confirm one.

<u>No appropriate remedy</u>

Even if the Court holds that the parties have intended to make a contract, there is no reasonably certain basis for providing an appropriate remedy. Plaintiff alleges a contract for the sale of goods, but does not specify or provide proof of the quantity. While it is true that one or more open terms do not negate a contract, the one term the court cannot supply is quantity. Va. Code. § 8.2-201(1) ("the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing"). The Court may enforce a contract where some terms, including the price are missing. However, Plaintiffs have provided the Court with no other information about the alleged contract other than the amount of the order it allegedly placed.

In sum, Plaintiff's Motion for Judgment alleges the production of a wholesale price list by Powers and Plaintiff's subsequent order of $37,000 of Powers products. Plaintiff fails to allege any mutual assent to any commercial transaction and does not provide a writing signed by Powers to satisfy the Statute of Frauds. Plaintiff fails to make any cognizable claim that a contract was formed between Plaintiff and Defendant Powers.

**B.     Tortious Interference**

Plaintiff asserts that Defendant Powers improperly refused to honor its agreement because of pressure applied from co-Defendant Blue Crab. Blue Crab allegedly interfered with the relationship between Harper and Powers. Plaintiff contends that Blue Crab's interference was intentional and contributed to the damage of Plaintiff's business reputation.

The elements required for a prima facie showing of tortious interference are: (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or

termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. Chaves v. Johnson, 230 Va. 112, 120, 335 S.E.2d 97, 102 (1985). As discussed, Plaintiff Harper does not sufficiently allege that a contractual relationship existed between Plaintiff and Defendant Powers. Further, Plaintiff may not bring a claim for tortious interference against Defendant Powers. Plaintiff cannot plead a tortious interference claim where the contract Defendant Powers allegedly interfered with was between itself and the Plaintiff. Storey v. Patient First Corp., 207 F. Supp. 2d 431, 448 (E.D. Va. 2002) ("In the jurisprudence of tortious interference, it is axiomatic that a party cannot interfere with his own contract."). Plaintiff's tortious interference claim against Defendant Powers is thus without merit. Plaintiff claims that Defendant Blue Crab had knowledge of the existence of a contractual relationship between the parties, and intentionally interfered with the relationship or business expectancy. Plaintiff alleges that Defendant Blue Crab insisted that Powers not honor its distributor contract with Harper. Here, Plaintiff's claims are too broad to successfully plead Blue Crab tortiously interfered with a contract or business expectancy. A plaintiff must plead a specific, existing contract or expectancy with a specific party to claim tortious interference with prospective economic advantage. Gov't Empls Ins. Co. v. Google, Inc., 330 F. Supp. 2d 700, 705 (E.D. Va. 2004). Plaintiff Harper instead makes a general claim about Defendant Blue Crab's conduct intentionally damaging the Harper's business relationship.

Assuming the Court did find a contractual or business relationship existed between Plaintiff and Defendant Powers. Powers fails to allege Defendant Blue Crab's interference was illegal and independently tortious. Virginia Code § 8.2-309 provides that when contracts are indefinite in duration, they may be terminated at any time by either party. Consequently, a Plaintiff must allege

not only intentional interference, but that Defendant Blue Crab employed "improper methods." Duggin v. Adams, 234 Va. 221, 226–27, 360 S.E.2d 832, 836 (1987); Restatement (Second) of Torts § 766 Cmt. g (1979) (Until a party terminates an at-will contract, it is "valid and subsisting, and [a third party] may not *improperly* interfere with it." (emphasis added)).  Plaintiff has failed to allege that Defendant Blue Crab improperly interfered with a contractual relationship or business expectancy between Plaintiff and Defendant Powers.

**C.     Business Conspiracy**

Plaintiff contends both Defendants conspired to damage the business and reputation of Harper Hardware in violation of Virginia Code §§ 18.2-499 and -500, business conspiracy.  In order to maintain a claim for statutory business conspiracy, a plaintiff must prove the Defendants willfully and maliciously injured the plaintiff in his business.  Va. Code §§ 18.2-499 and -500 imposes civil liability against "any two or more persons who combine, associate, agree, mutually undertake or concert together for the purpose of (I) willfully and maliciously injuring another in his . . . business . . . by any means whatever."  Claims of statutory business conspiracy impose a heightened pleading standard which Plaintiff has not met.  In order to sustain a claim for statutory business conspiracy, the plaintiff must prove by clear and convincing evidence that the defendants acted intentionally, purposefully, and without lawful justification, and that such actions injured the plaintiff's business. Willams v. Dominion Tech. Partners, LLC, 265 Va. 280, 290, 576 S.E.2d 752, 757 (2003).  Plaintiff alleges generally, that Defendants conspired to damage the business and reputation of Harper Hardware.  However, "business conspiracy, like fraud, must be pleaded with particularity, and with more than 'mere conclusory language.'" Govt Empls Insur. Co., 330 F. Supp. 2d at 706 (quoting Bay

Tobacco, LLC v. Bell Quality Tobacco Prods., LLC, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003)). Plaintiff's broad allegations provide no factual basis to discern the method of the alleged conspiracy or how it was carried out. Plaintiff has failed to state a claim for business conspiracy under Virginia Code §§ 18.2-499 and -500.

## Conclusion

Based on the considerations stated above, Defendants' Motions to Dismiss for failure to state a claim are hereby GRANTED. Accordingly, Plaintiff's Motion for Judgment is hereby DISMISSED WITH PREJUDICE.

ENTERED this 19th day of JANUARY, 2006.

/s/
James R. Spencer
United States District Judge